UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                 **v.**         **09-CR-128A(Sr)**

**MALIK SAMUEL, a/k/a "SIZZLES",**

       **Defendant.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #6.

## PRELIMINARY STATEMENT

The defendant, Malik Samuel, is charged in a two-count Indictment with having violated Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Count 1) and the defendant also faces a forfeiture count (Count 2) pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c). Dkt. #1.

Presently pending before this Court is the defendant's omnibus motion for discovery and motion to suppress physical evidence, statements made by the

defendant and "audiotape evidence."  Dkt. ##4 and 11.[1]  This Court's Report, Recommendation and Order on defendant's motion to suppress will be addressed and filed separately.  The government filed its response to the defendant's motion to suppress and omnibus motion for discovery on July 24, 2009 (Dkt. #7) and thereafter, the government filed an amended response on July 27, 2009 (Dkt. #8).[2]  By the instant motion, the defendant requests permission to join in the discovery and inspection demands of the co-defendants and seeks to join in all pretrial motions filed by co-defendants.  In addition, the defendant seeks the disclosure of informant information, Jencks Act material, Federal Rules of Evidence Rule 404(b) material and Federal Rules of Evidence Rules 608 and 609 material.  Dkt. #11.  Oral argument on the defendant's motions was held on September 9, 2009.

## DISCUSSION AND ANALYSIS

**Request for Joinder**

Defendant requests to join in the discovery and inspection demands of the co-defendants and to join in all pretrial motions filed by co-defendants.  Dkt. #11, p.1.

---

[1] The Court notes that the defendant first filed his motion seeking suppression and discovery on July 17, 2009 (Dkt. #4) and thereafter, filed the identical motion on August 13, 2009 (Dkt. #11).  For purposes of clarity and consistency, this Court will refer only to Dkt. #11 in this Report, Recommendation and Order and the forthcoming Decision and Order with respect to defendant's omnibus motion for discovery.

[2] The only difference that the Court can discern between the government's original response (Dkt. #7) and the government's amended response (Dkt. #9) is the inclusion of the following exhibits: a February 8, 2009 Felony Complaint; a February 8, 2009 Misdemeanor/Violation Information; and Notice to Defendant of Intention to Offer Evidence at Trial.  *Compare* Dkt. ##7 and 9.

As correctly stated by counsel for the government in its response to the instant motion and as is reflected on the face of the Indictment returned by the Federal Grand Jury, there are no co-defendants in his case. See Dkt. #1; Dkt. #8, p.3. Accordingly, defendant's request is denied as moot.

**Disclosure of Informant Information**

The defendant seeks the pretrial disclosure of the identity, written statements and criminal records of all informants used by the government in connection with the investigation of this matter. Dkt. #11, p.4. In support of this request, the defendant states that,

> [t]he defendant requires this information given the inherent unreliability of co-defendants and accomplices. Pre-trial disclosure will permit a fair trial for the defendant where the defense will have sufficient information to fully evaluate the credibility of those the government has relied upon in securing any warrants and in support of the allegations contained in the indictment.

Dkt. #11, p.4. In its response, the government states, "[t]he government did not utilize any confidential informants during the investigation of this matter." Dkt. #8, p.8. Based on the representations made by counsel for the government, defendant's request is denied as moot.

***Jencks* Act Material**

By this request, the defendant seeks "copies of written statements of government witnesses in addition to any law enforcement notes or memoranda

reflecting prior statements of government witnesses." Dkt. #11, p.5. As written, this appears to be a combined request for *Brady*, *Giglio* and *Jencks* Act material, as well as a vague request for the preservation and/or disclosure of rough notes. Thus, the Court will treat this request as one for *Brady, Giglio* and the early disclosure of *Jencks* Act material. In its response, the government states,

> [i]n addition to the Attached Documents [defined by the government as the New York State Felony Complaint, Misdemeanor Information and Notice to Defendant of Intention to Offer Evidence at Trial], the government has supplied counsel with copies of the traffic citation issued to the defendant, the Buffalo Police Department (BPD) Arrest Data Form, BPD Firearms Property Report, Certificate of Conviction for the defendant, Certificate of Incarceration for defendant, Record of Clemency or Restoration of Firearm Privileges from the New York State Division of Parole and Erie County Central Police Services Forensic Laboratory Report. Counsel should expect that some or all of the officers whose reports and notes that appear in the already provided discovery will testify at trial. Thus, he already has a portion of the materials to which 18 U.S.C. § 3500 entitles him. Only one witness testified before the grand jury and, if that witness testifies at trial, the witness's testimony will be turned over in compliance with § 3500. Any memoranda prepared by either ATF agents or BPD Officers *who will be testifying* and which are not among the material already supplied (if they exist) will also be provided in advance of trial consistent with the anticipated pretrial order we expect Judge Arcara to enter and in accordance with the mandates of 18 U.S.C. § 3500.

Dkt. #8, pp.6-7 (bracketed information added; emphasis in original).

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that a substantial portion, if not all responsive material has previously been disclosed, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

Although perhaps unnecessary, based on the representations made by counsel concerning the disclosure of agents notes, the express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or

> "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**Rule 404(b) Evidence**

By this request, the defendant seeks the disclosure of "any uncharged acts that fall outside the scope of the alleged conspiracy that the government intends to rely [sic] to prove the defendant's intent." Dkt. #11, p.5. This request is incomprehensible insofar as the Indictment charges the defendant with being a felon in possession of a semiautomatic handgun and ammunition in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), there is no reference whatsoever to conspiracy in the Indictment. In its response, the government states that it is presently unaware of any evidence it may seek to have the Court admit pursuant to Federal

Rules of Evidence Rule 404(b). The government did, however, reserve its right, on notice to the Court and counsel for the defendant, to use any other such evidence it learns of prior to trial. Dkt. #8, p.8.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

**Rules 608 and 609 Evidence**

By this request, the defendant seeks the disclosure of "any prior convictions and or prior bad acts the government would use to impeach his testimony if he elects to testify at trial." Dkt. #11, p.5. The government states in its response, "[i]f the defendant testifies at trial, the government intends on offering defendant's 2001 Class D felony conviction for Criminal Possession of a Loaded Firearm - 3rd Degree for which the defendant was sentenced to a term of imprisonment exceeding one year." Dkt. #8, p.8. Based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to

offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    Buffalo, New York
              April 7, 2010

                                    *s/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**